LEMUEL S. BUNNELL, Respondent, *v.* THE EMPIRE MACHINERY COMPANY, Appellant.

*N. Y. Supreme Court, Third Department, General Term, May 27, 1889.*

1. *Evidence. Written contract.*—A written contract containing a promise, and signed by a party cannot be disregarded, and a promise to be performed, not by the party, but by another person, made out from the conversation which led to the written agreement.

2. *Agency. Principal not bound.*—An agent, in making a contract for his principal with a third person, cannot make his principal assume a liability for which he himself is liable as an orginal party.

3. *Contract. Not binding.*—The mere admission of a liability, or a promise to assume an obligation of a third party, without any consideration therefor, is not binding.

*Marcus T. Hun,* for appellant.

*Walter E. Ward,* for respondent.

LEONARD, P. J.—In February, 1883, Adams, Shorey and Everhart formed a partnership under the same name as that of the defendant.   That partnership had become indebted to plaintiff in the sum of $1,044.90 prior to July, 1883.   About July 16, 1883, the said persons and one Porter entered into an agreement of that date, by which Shorey was to organize a corporation in Massachusetts.   A part of that agreement was that such corporation should assume the liabilities of that partnership and of another partnership if their liabilities were exceeded by the assets, which assets were to be assigned to the corporation.   Such corporation was soon after organized, and is the defendant.   The plaintiff has a claim against the defendant, for goods subsequently sold, of $96.23, which is not disputed.   The plaintiff also claims to recover of defendant the indebtedness owing by the aforesaid partnership.

It is not shown that the assets did exceed the liabilities of the partnership, and the referee finds that by plaintiff's stipulation no claim was made for recovery under the aforesaid agreement.

The referee, however, finds that, in consideration of a certain subsequent agreement made December 18, 1883, the defendant promised to pay his indebtedness of the partnership to plaintiff, and that afterwards, at various times, defendant promised to pay said indebtedness.

The agreement of December 18, 1883, is as follows:

" TROY, N. Y., *December* 18, 1883.

" For the machines in my store and for twenty-five hundred dollars the receipt whereof is hereby acknowledged, and for other good and valuable considerations, I hereby sell and assign all my interest in the Empire Laundry Machine Company copartnership to the Empire Laundry Machinery Company corporation, and hereby release said corporation from all claims upon it.

" I further hereby in consideration of George L. Shorey in-

dorsing the said note of the said corporation for the above one, release, said Shorey from all obligation to me whatever.

"A. P. ADAMS."

Thereupon Shorey, who was secretary, treasurer and clerk of defendant, gave Adams the machines referred to in the defendant's note for $2,500 since paid.

Adams testified that the other good and valuable consideration mentioned in the paper was an agreement that the defendant assume the Bunnell debt now in dispute. Shorey testifies that the clause did not refer to any such agreement, and that no such agreement was made. A writing in these words was proved, and offered in evidence by the plaintiff :

"*December* 18, 1883.

"I hereby agree to assume Bunnell's bill for June, 1883, and such part as now remains unpaid.

"GEORGE L. SHOREY."

This was objected to by defendant, among other grounds, because it was the individual obligation of Shorey, and not binding on the defendant, and it was excluded. This paper Adams testifies was drawn up and delivered to him by Shorey at this time, on his asking Shorey for a written agreement to pay Bunnell's account.

This written agreement, with the other of the same date, constitute the written evidence of the contract between the parties. As such, they superseded all the verbal negotiations. As this agreement signed by Shorey was excluded partly on the ground that it was not the act of the defendant, it was not proper to receive evidence of a conversation tending to show an agreement with the defendant, and not with Shorey. The writings were the contract, and excluded evidence of the conversation of which the contract was the result. Adams accepted this writing signed by Shorey as the agreement for which he had negotiated. And if the words, "other good consideration," refer to any agreement

33

to assume the Bunnell account, this paper must have been such agreement.

Whether or not by proper evidence this written agreement might be shown to be defendant's act, we do not decide. The agreement was excluded, and the prior conversation was admitted. We think that this was incorrect.

Again the consideration received by defendant under this agreement was the assignment to it by Adams of his interest in the partnership, and his release of all claims. Now, by the agreement of July sixteenth, the assets of the partnership were to be assigned to the corporation. So that it is difficult to see what interest Adams had to assign. Especially as it does not appear that the assets exceeded the liabilities. Nor do we see what claims he had against the defendant to be released.

Adams testifies that this claim of the plaintiff was against him individually. But under the partnership agreement it would seem to be a partnership liability, and the referee finds that it was such. If so then the alleged agreement was made by Shorey, the agent of the defendant, binding it to assume a debt which he personally owed. Such an agreement is contrary to the rule that an agent cannot bind his principal to a contract with the agent personally. That is, one cannot act on each side of a contract. This alleged contract made the defendant assume a liability for which Shorey was liable as an original party.

Several letters of the defendant are produced, some prior and some subsequent to the agreement of December 16, 1883. There are some prior to that date which may be construed as an admission of liability. Still those are not binding because there is a lack of proof of consideration. And the mere promise would not be binding. Those subsequent seem to refer to the written agreement above mentioned, and to the liability therein assumed. We think, therefore, that the defendant is not shown by these letters to be liable to plaintiff. For we cannot say that the agreement

of July, 1883, shows a consideration for the alleged promise· in the letters, because the stipulation forbids.

We do not think it necessary to inquire whether the alleged promise of defendant to pay the debt owing to plaintiff, was in such sense original that it was not within the Statute of Frauds. Because as we have already said it seems to us upon the evidence that the promise (whatever it was), was contained in the writing signed by Shorey; and that the writing cannot be disregarded and a promise made out from the conversation which led to that writing.

For the same reason we do not discuss the question whether this case is within Lawrence v. Fox, so as to allow an action by the plaintiff on the promise made to Adams. Certainly this is widely different from that in the circumstances. And there is no desire to extend the principle of that case.

The judgment should be reversed, a new trial granted, referee discharged, costs to abide event.

LANDON, J., concurs.